# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| BRUCE VINCENT,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>K. MENDOZA-POWERS, Warden,<br><br>　　　　Respondent. | No. CV 06-5482-CAS (PLA)<br><br>**ORDER ADOPTING FINDINGS,**<br>**CONCLUSIONS AND RECOMMENDATION**<br>**OF UNITED STATES MAGISTRATE JUDGE** |

## INTRODUCTION

On October 15, 2009, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that petitioner's Petition for Writ of Habeas Corpus be granted. Thereafter, on October 29, 2009, respondent filed Objections to the R&R ("Objections").

## DISCUSSION

In the Objections, respondent asserts that the Magistrate Judge in the R&R improperly conducted a *de novo* review of petitioner's claims instead of applying the deferential AEDPA standard. (Objections at 2-3). The Court finds this objection to be without merit. As set forth in the R&R, the Magistrate Judge considered the relevant state court decision (i.e., the Los Angeles County Superior Court's opinion) and reviewed the record to determine whether that decision was an unreasonable application of clearly established federal law. (See R&R at 13, 18-27). Thus,

the R&R employs the correct deferential approach pursuant to the AEDPA, and does not involve a *de novo* review of petitioner's claims.

Respondent also asserts that the R&R conflates the concepts of "error" and "unreasonableness" in its conclusion that the state court's decision was an unreasonable application of clearly established federal law. According to respondent, even if the state court was erroneous in its decision upholding the parole reversal, the decision was not "objectively unreasonable." (Objections at 3-4, 6). This objection lacks merit as well. As explained in detail in the R&R, the Governor's reversal and the state court's decision upholding the reversal were deficient because neither articulated a link between the identified parole factors and the conclusion that petitioner is *currently* dangerous to society. In other words, while the state court and Governor determined that there was "some evidence" of certain parole factors, neither analyzed whether the identified factors amounted to "some evidence" establishing that petitioner would pose a present danger to the public if he were released on parole. See In re Lawrence, 44 Cal.4th 1181, 1212 (2008) ("[W]hen a court reviews a decision of the Board or the Governor, the relevant inquiry is whether some evidence supports the *decision* of the Board or the Governor that the inmate constitutes a current threat to public safety, and not merely whether some evidence confirms the existence of certain factual findings.") (emphasis in original)). Furthermore, a review of the record shows that none of the parole factors, either considered separately or in combination, demonstrate that petitioner constitutes a current threat to public safety. Accordingly, the state court's decision that "some evidence" supported the parole reversal was more than erroneous -- it was also an unreasonable application of the "some evidence" standard. See Williams v. Taylor, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) ("Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.").

Next, respondent objects to the R&R on the ground that the "some evidence" standard from Superintendent v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), is not clearly established federal law for parole matters because Hill involved whether the revocation of good-

time credits was subject to evidentiary review and did not "squarely address the issue whether a parole decision is subject to evidentiary review." (Objections at 4-6). Respondent asserts that the due process protections for credit revocations do not clearly extend to parole proceedings. (Id. at 5-6). The Court finds that this objection is without merit because, as explained in the R&R, the Supreme Court has determined that when a state's statutory parole scheme uses mandatory language, it may create a presumption that parole release will be granted when certain designated findings are made, and thus gives rise to a constitutionally protected liberty interest. See Board of Pardons v. Allen, 482 U.S. 369, 376-78, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). Because California's parole scheme uses mandatory language, the Ninth Circuit has repeatedly held that as a matter of clearly established Supreme Court law, California's parole scheme creates "a cognizable liberty interest in release on parole" that is protected by the Due Process Clause, and that a parole board's decision satisfies due process "if the determination has been supported by 'some evidence' having 'some indicia of reliability.'" McQuillion v. Duncan, 306 F.3d 895, 901-02, 904 (9th Cir. 2002); see also Irons v. Carey, 479 F.3d 658, 662 (9th Cir.), amended, 505 F.3d 846 (July 13, 2007); Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1128 (9th Cir. 2006); Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir. 2003). This Court is bound by the Ninth Circuit's decisions, and therefore rejects respondent's assertion that the "some evidence" standard does not apply to parole decisions.

Finally, respondent objects to the ordered remedy that the Board's original parole date be reinstated. (See R&R at 28). According to respondent, the proper remedy should consist of an order directing the parole authority to "provide the process due." (Objections at 7). The Court observes that, with respect to granting habeas relief, a habeas court has broad discretion to fashion a remedy "tailored to the injury suffered from the constitutional violation[.]" United States v. Morrison, 449 U.S. 361, 364, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981). "Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require.'" Hilton v. Braunskill, 481 U.S. 770, 775, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987); see also Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) ("A federal court is vested with the largest power to control and direct the form of judgment to be entered in cases brought up before it on

habeas corpus. The court is free to fashion the remedy as law and justice require . . . .") (quoting Sanders v. Ratelle, 21 F.3d 1446, 1461 (9th Cir. 1994)). The Court is not aware of, and respondent has not cited, any federal law holding that the only remedy available to a federal habeas court is a remand to the Board or Governor for a new hearing or new decision comporting with due process. In the context of this case, given that the Court has already reviewed the evidence and found it insufficient to support the parole reversal, the Court finds it inappropriate to remand the matter to the Governor to give him the opportunity to "re-review" the case. Accordingly, the appropriate remedy is to reinstate the Board's grant of a parole release date. The Court observes that numerous recent California decisions follow this approach. See, e.g., In re Vasquez, 170 Cal.App.4th 370, 386, 87 Cal.Rptr.3d 853 (Cal.App. 4 Dist. 2009) ("The Governor's constitutional authority is limited to a review of the evidence presented to the Board. . . . Our review indicates that the record does not contain some evidence to support the Governor's decision and further consideration by the Governor will not change this fact."); In re Aguilar, 168 Cal.App.4th 1479, 1491, 86 Cal.Rptr.3d 498 (Cal.App. 2 Dist. 2008) ("Because we have reviewed the materials that were before the Board and found no evidence to support a decision other than the one reached by the Board, a remand to the Governor would amount to an idle act. . . . We therefore order that Aguilar be released forthwith pursuant to the conditions set forth in the Board's . . . decision."); In re Burdan, 169 Cal.App.4th 18, 39, 86 Cal.Rptr.3d 549 (Cal.App. 3 Dist. 2008) ("[W]here . . . it is determined there is not 'some evidence' in the record to support the Governor's decision to overrule the Board's grant of parole, the proper remedy is to vacate the Governor's decision and to reinstate that of the Board.").

For the above reasons, the Court concludes that respondent's objections are without merit and that no amendment or revision to the R&R is needed.

/
/
/
/
/

4

**CONCLUSION**

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, and the Objections to the Report and Recommendation. The Court has made a *de novo* determination of the portions of the Report and Recommendation to which Objections were directed. The Court concurs with and adopts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

1. Judgment shall be entered granting the Petition and reinstating the parole date set by the Board of Prison Terms.

2. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: January 6, 2010

HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE